IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 3 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01790-OES

MYRON RAY CARTER,

    Applicant,

v.

JOE ORTIZ, Director, Colorado Department of Corr.,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE
AMENDED APPLICATION AND TO SHOW CAUSE

---

Applicant Myron Ray Carter is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Carter has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). The Court must construe the application liberally because Mr. Carter is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carter will be ordered to file an amended application.

Mr. Carter has failed to complete the Court-approved 28 U.S.C. § 2241 habeas corpus form in a manner that makes clear his claims and his attempts to exhaust those claims. The Court has done its best to summarize the gist of his application. Apparently, Mr. Carter is attacking the DOC's calculation of his earned-time credits and its alleged policy of penalizing him by withholding those credits. He appears to contend

that the DOC cannot deduct or forfeit earned-time credits for disciplinary infractions or delegate that authority to private contractors. However, he fails to state his claims clearly. Rather, he refers to appendices and places the burden on the Court and the Respondent to sort through the appendices to determine the substance of his claims. Lastly, he refers to appendices B and C that he fails to attach to the application.

Mr. Carter's habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Carter's disorganized and vague allegations fail to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given an opportunity to file an amended habeas corpus application to clarify his claims. In addition, Mr. Carter also must demonstrate that he has exhausted state remedies as to each claim. *See* 28 U.S.C. § 2254(b)(1); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). Accordingly, it is

ORDERED that Mr. Carter file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Carter's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Carter, together with a copy of this order, two copies of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Carter fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01790-OES

Myron Carter
Prisoner No. 58637
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on  10-3-05

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                            Deputy Clerk